(5 Misc. Rep. 535.)

### KRUMMEL v. THOMAS et al.

(Superior Court of Buffalo, General Term. November 14, 1893.)

GIFTS INTER VIVOS—DELIVERY.
   Deposit of money in a bank in another's name is not sufficient evidence of delivery in praesenti to constitute a gift inter vivos, and divest the depositor of title.

Appeal from trial term.

Action by Caroline Krummel against John V. Thomas, as administrator, and another. There was a judgment for plaintiff, and defendants appeal. Affirmed.

Argued before TITUS, C. J., and WHITE, J.

Arthur W. Hickman, for appellant Thomas.
Strong & Brendel, for respondent.

TITUS, C. J. The questions raised by this appeal arise on the case containing exceptions taken before the judge at trial term,

without a jury. It appears that on the 3d day of September, 1886, the plaintiff deposited in the Buffalo Savings Bank the sum of $30. The money was deposited by her daughter Lucy Krummel, who, under the direction and instruction of her mother, deposited it in the name of Clara L. Krummel, another daughter, and who signed Clara's name to the signature book of the bank. Various deposits were made from September 3, 1886, to January 1, 1890, in the savings bank, in the name of Clara, by the daughter Lucy, and credited in the bank book. The money deposited was the money of the plaintiff, which in part was received by her from her children, who were living with her, for their care and support, she keeping house, taking care of the family, and they working and contributing from their earnings, and in part from money which a deceased son left, and which also belonged to the plaintiff. Clara, the daughter, married the defendant Thomas on the 28th of November, 1888, and died April 17, 1890, leaving her husband and one child surviving. The action is brought by the plaintiff against the administrator and the savings bank, to compel the payment to the plaintiff by the savings bank of the money on deposit to the credit of Clara.

According to the testimony of Lucy Krummel, the person who made the deposits in the savings bank, Clara, the person in whose name the deposit was made, did not know of the deposit in her name until about two years after the first deposit was made. She was then told of it by the plaintiff, and at that time all of the money had been deposited. She further testifies that the plaintiff told Clara that, in case of her (the plaintiff's) death, she (Clara) should have the money, because she was not as strong as the rest of the children. The bank book was always kept by the plaintiff in her own room, and was in her possession at the time of Clara's death. It was not allowed to be taken out of her room, and she had no knowledge that Clara ever had seen the book before the time above mentioned. If the plaintiff's evidence is to be believed, the situation was this: The plaintiff had caused moneys to be deposited in the savings bank in the name of Clara, without her knowledge; that she had always kept the bank book in her possession, and, after the money had been deposited, Clara saw the bank book, and the plaintiff then told her that, in case of her (plaintiff's) death, she should have the money. These facts are substantially found by the trial judge, and we think are fully warranted from the evidence. There was no intention, then, to give Clara the money unless she should survive the plaintiff, which contingency did not happen, by reason of the death of Clara before her mother. It seems to me that on this statement it cannot be claimed that there was any delivery of the money to Clara, or any intent on the part of the plaintiff to give it to her until after her (the plaintiff's) death. A gift inter vivos, to be valid, must be accompanied by a delivery in praesenti. A deposit with a third party, with a declaration of intent to give in the event of the donee surviving the donor, is not such a delivery of the thing as to constitute a valid gift inter vivos. The gift must be absolute, accompanied by an immediate delivery, and cannot be made to take effect in future in possession. Young v.

Young, 80 N. Y. 422. The case of Beaver v. Beaver, 117 N. Y. 421, 22 N. E. Rep. 940, seems to be decisive of the questions here raised. It was there held that an intention to give, unaccompanied by a delivery, did not constitute a valid gift, and that the deposit of money in a bank in the name of another is not of itself sufficient evidence of a gift inter vivos. It does not, in the absence of other facts, divest the owner of the title, and such owner may still exercise dominion over the money, and withdraw his deposit.

Some exceptions are taken to the findings of the court, and to its refusal to find upon certain questions of fact. We do not think they are of such a character as to affect the merits of the question involved. Some of the exceptions to the findings are to mere conclusions of fact, instead of statements of the fact, and most of the requests to find were found by the trial judge in his findings, which accompany the judgment. We think, therefore, the judgment should be affirmed, with costs.