ANNA IMPERATRICE, Respondent, v. ANTONIO IMPERATRICE et al., Appellants, et al., Defendants.

VAN VOORHIS, J. (dissenting and voting to dismiss the complaint). The complaint alleges that prior to the commencement of this action, the defendant, Antonio Imperatrice, plaintiff's father, established savings bank accounts in three different banks, each in the defendant's name "in trust for the plaintiff." In the celebrated case of *Matter of Totten* (179 N. Y. 112, 125–126), the Court of Appeals stated: "A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely,

revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration * * *. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor."

In the present action the depositor and the beneficiary are both living, the beneficiary is suing to establish absolute ownership in herself of these funds, so as to prevent the depositor from exercising dominion over them. No such rights to these funds as are claimed by plaintiff have been held to reside in her by *Matter of Totten* (*supra*) during the lifetime of the depositor, as a result of the creation of the deposits in the form mentioned. Plaintiff relies upon a further act by defendant, who is alleged to have completed the gift in his lifetime by delivery of the passbooks to her. To that end the complaint contains the following additional allegation with respect to each cause of action: " That heretofore and prior to the commencement of this action, the defendant, Antonio Imperatrice without any reservation to himself, made a present and gift to the plaintiff of said savings account by giving and delivering physical possession to the plaintiff of the deposit book for the said savings account and expressly stating that the funds thereof were the property of the plaintiff *to pass to her upon the death of the defendant, Antonio Imperatrice.*" (Italics added.)

If the italicized words had been omitted, there would be no doubt that the complaint would be sufficient to allege an immediate absolute gift by defendant to plaintiff of these bank accounts. Plaintiff has contended successfully that this result obtains from the delivery to her of the passbooks, in spite of defendant's simultaneous use of the italicized words. This contention, it appears to me, is unsound. There is no magic in the delivery of passbooks, which under ordinary circumstances is, at most, a token of an intent to make a present gift without waiting for the depositor's death. It ordinarily constitutes what was stated in the *Totten* case (*supra*) to be an "unequivocal act or declaration" evincing an immediate gift. The fatal defect in this complaint is that the language ascribed to the defendant accompanying delivery of the passbooks negatived such an intent. To be effective, a gift must have been made *in præsenti* (*Matter of Van Alstyne*, 207 N. Y. 298). " The gift must be absolute, accompanied by an immediate delivery, and cannot be made to take effect in future in possession. *Young* v. *Young*, 80 N. Y. 422." (*Krummel* v. *Thomas*, 5 Misc. 535, 536-537.)

The defendant's physical act in transferring possession of the passbooks cannot be deemed an expression of an intention which defendant's words, simultaneously uttered, expressly disavow. The statement which plaintiff alleges that defendant made, is that the funds in these savings bank accounts were to pass to her upon the death of the depositor, in other words, that the deposits should remain in the same status which, under *Matter of Totten* (*supra*), would have existed during the continuance of the life of the depositor if the passbooks had not been delivered. One is required to conclude that the complaint means that defendant made plaintiff the custodian of the passbooks for convenience but without a change in title to the deposits, and that the words which defendant spoke meant that delivery of the passbooks should not have its accustomed effect. The allegation that defendant, without reservation to himself, made a present and gift to the plaintiff, is merely a conclusion of law, and does not aid the complaint to state a cause of action. The complaint fails to allege facts constituting a gift of these moneys.

Neither can the complaint be regarded as sufficient on the theory that it alleges a present gift of a remainder interest, to vest in possession in the plaintiff upon the death of the defendant. An oral gift of a future interest of this nature would be in violation of subdivision 1 of section 31 of the Personal Property Law, requiring an agreement to be in writing which by its terms is not to be completed before the end of a lifetime. According to the language of the complaint, these funds would not pass to plaintiff in enjoyment until the defendant died. Notwithstanding this, plaintiff claims to be the beneficial owner now.

A further test of the validity of plaintiff's position is supplied by inquiring what would become of the interest on these deposits, under plaintiff's theory, during the lifetime of the defendant. Plaintiff claims the present right to interest as the absolute owner of the principal, yet the language of the gift, as alleged in the complaint, is to the effect that neither principal nor interest shall be paid to plaintiff until defendant shall have died. Certainly the intention was not to direct an accumulation of interest, and an unlawful accumulation of income at that (Personal Property Law, § 16).

The causes of action being insufficient as alleged in the complaint, the motion to dismiss should be granted on the pleading instead of awaiting a trial, as is being held by the majority.

The order appealed from should be reversed, and the complaint dismissed, with costs, on the ground that on its face it fails to state facts sufficient to constitute a cause of action.

Peck, P. J., Glennon, Cohn and Shientag, JJ., concur in decision; Van Voorhis, J., dissents in opinion.

Order affirmed, with $20 costs and disbursements, with leave to the defendants-appellants to answer within ten days after service of the order, with notice of entry thereof, on payment of said costs. No opinion. [See post, p. 846.]